BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
AMY E. POTTER
amy.potter@usdoj.gov
Assistant United States Attorney
405 E. 8th Street, Suite 2400
Eugene, Oregon  97401-2708
Telephone: (541) 465-6771
Attorneys for the United States

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **1:19-cv-01908-BR** |
| **Plaintiff,** | |
| **v.** | **COMPLAINT, *in rem*, FOR FORFEITURE** |
| **$13,784.00 U.S. CURRENCY, *in rem*,** | |
| **Defendant.** | |

Plaintiff, United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and Amy E. Potter, Assistant United States Attorney, for its complaint *in rem* for forfeiture, alleges:

I.

This Court has subject matter jurisdiction, *in rem* jurisdiction, and venue pursuant to 21 U.S.C. § 881; 28 U.S.C. §§ 1345, 1355, 1356, and 1395; and 19 U.S.C. § 1610.

**Complaint *in rem* for Forfeiture**                                                                                      **Page 1**

II.

Defendant, *in rem*, $13,784.00 U.S. Currency, was seized in the District of Oregon, and is now and during the pendency of this action will be within the jurisdiction of this Court.

III.

Defendants, *in rem*, $13,784.00 U.S. Currency represents proceeds traceable to an exchange for controlled substances or were used or intended to be used to facilitate such a transaction in violation of 21 U.S.C. § 841(a)(1), and is forfeitable to the United States pursuant to the provisions of 21 U.S.C. § 881(a)(6), as more particularly set forth in the declaration of Christopher Karabinas, Special Agent, Homeland Security Investigations, marked as Exhibit A, attached and fully incorporated herein by this reference.

WHEREFORE, plaintiff, United States of America, prays that due process issue to enforce the forfeiture of defendant, *in rem*, $13,784.00 U.S. Currency; that due notice be given to all interested persons to appear and show cause why forfeiture of these defendants, *in rem*, should not be decreed; that due proceedings be had thereon; that these defendants be forfeited to the United States; that the plaintiff United States of America be awarded its costs and disbursements incurred in this action.

DATED: November 25, 2019          Respectfully submitted,

                                  BILLY J. WILLIAMS
                                  United States Attorney

                                  *s/ Amy E. Potter*
                                  AMY E. POTTER
                                  Assistant United States Attorney

**Complaint *in rem* for Forfeiture**                                  **Page 2**

## VERIFICATION

I, Christopher Karabinas, declare under penalty of perjury, pursuant to the provisions of

28 U.S.C. Section 1746, that I am a Special Agent with Homeland Security Investigations and

that the foregoing Complaint *in rem* for Forfeiture is made on the basis of information officially

furnished and upon the basis of such information the Complaint *in rem* for Forfeiture is true as I

verily believe.

*s/Christopher Karabinas*

_____

CHRISTOPHER KARABINAS
Special Agent
Homeland Security Investigations

## DECLARATION of CHRISTOPHER KARABINAS

I, Christopher Karabinas, do hereby declare:

## BACKGROUND/EXPERIENCE

1.   I am a Special Agent (SA) of the Department of Homeland Security (DHS), Homeland Security Investigations (HSI) and have been so employed since December 2010. I am currently assigned to the Resident Agent in Charge office, Medford, Oregon. I completed six months training at the HSI Academy located at The Federal Law Enforcement Training Center, Glynco, GA, where I learned the skills necessary to conduct federal criminal investigations, including investigating crime scenes, interviewing witnesses and suspects, and writing reports and affidavits. Prior to this, I was employed as a U.S. Customs and Border Protection Officer, Immigration Officer, and a U.S. Federal Air Marshal and have been a federal law enforcement officer since August of 2000. During my tenure as a federal law enforcement officer, I have investigated and/or participated in investigations of money laundering, narcotics trafficking, fraud, smuggling, and theft. I have also acquired knowledge and information about the illegal drug trade and the various means and methods by which it is furthered from formal and informal training, other law enforcement officers and investigators, informants, individuals I have arrested and/or interviewed, and my participation in other investigations. I am a participating member of the Medford Area Drug and Gang Enforcement Taskforce (MADGE) located in Medford Police Department's drugs and gang division.

2.   I have participated in searches of premises and assisted in evidence gathering by means of search warrant. I have received training in investigating money laundering and have had the opportunity to study and investigate numerous examples of money laundering schemes specifically pertaining to the laundering of drug proceeds. I have received approximately 80

hours of specialized training from the Federal Law Enforcement Training Center regarding asset forfeiture and financial investigations.

3.   I have participated in hundreds of investigations at the federal, state, and local levels. These investigations have pertained to narcotics trafficking and laundering drug proceeds as well as a variety of criminal activities including bulk cash smuggling, alien smuggling, fraud, illegal exportation of munitions, interstate transportation of stolen property, and wire fraud.

## PURPOSE OF THIS DECLARATION

4.   This declaration is submitted in support of a civil complaint *in rem* for forfeiture of $13,784 in U.S. currency seized from Jelani Bastian during a traffic stop on March 20, 2019. As discussed below, I believe there is probable cause to believe that the $13,784 is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), as it constitutes moneys intended to be furnished by any person in exchange for a controlled substance in violation of 21 U.S.C. § 841, specifically marijuana, a schedule I controlled substance, or moneys used or intended to be used to facilitate any violation of 21 U.S.C. § 841(a)(1), specifically the manufacture and distribution of marijuana.

5.   I have participated in this investigation and the following information is derived from my personal observation, interviews, and review of physical evidence as well as review of reports generated by other law enforcement officials and discussions with other investigators who have personal knowledge of the matters covered in those reports, and from conversations with persons who have personal knowledge of the events described herein. I have not included all of the details of the investigation, only those facts that I believe necessary to demonstrate a probable cause to proceed with civil forfeiture of the $13,784.

**Declaration of Christopher Karabinas**                                   **Exhibit A  Page 2**

6.    I know from my training and experience that Oregon legalized the production and sale of marijuana and that marijuana remains illegal many states. Marijuana grown in Oregon sells for far less in Oregon than it sells for in states where it remains illegal.  In my training and experience, I have found it common for marijuana buyers from various locations to travel to the Medford, Oregon area to purchase marijuana that they then ship or transport to other states.

## SUMMARY OF THE INVESTIGATION

7.    On March 20, 2019, the Oregon State Police stopped a Chevrolet Impala with California license plates driven by Jelani Abda Bastian for traveling too close to the car in front of him and preventing traffic from merging onto I-5.  Bastian was driving Northbound on I-5 near the California border towards Medford, Oregon.

8.    The officer approached the car and informed Bastian that his vehicle was stopped for following the car in front of him too closely.  The officer immediately noticed the smell of marijuana coming from the car.   Bastian provided the officer a New York driver's license for identification and the rental agreement for the vehicle.  The officer asked Bastian where he rented the car.  Bastian first said Sacramento, but then changed it to San Francisco.  The rental contract indicated the car had been rented in San Francisco.

9.    The officer noticed Bastian's hands shaking when he handed over the documents and noticed that Bastian appeared nervous.  The officer made a comment about Bastian being a long way from home, and Bastian said he was on vacation.  Bastian said he was traveling to Medford because he wanted to see the sites.

10.    Another officer arrived on the scene as backup.  Bastian told that officer that he had flown from New York to San Francisco and then rented a car to drive to Medford to go site seeing.

**Declaration of Christopher Karabinas**                                                  **Exhibit A  Page 3**

11.   Neither officer believed Bastian.  While his backup was working on the violation notice, the original officer approached Bastian again and inquired about Bastian's employment. Bastian said he worked for UPS.  The officer then explained that he had concerns about Bastian's travel to Medford.  Bastian then said he was going to Seattle, Washington, and would just pull over and sleep when he was tired.  The officer then asked Bastian if there was marijuana or large sums of currency in the car.  Bastian looked away and answered no to both questions.

12.   At this point, the violation notice had not been finished.  The officer asked Bastian to step out of the vehicle and asked for consent to search the vehicle.  Bastian declined.  Convinced there was marijuana in the vehicle, the officer decided to deploy his narcotics K9 on the vehicle. The K9 alerted to the vehicle's trunk.  Shortly thereafter, the other officer completed the violation.

13.   Given the odor of marijuana, the K9 alert, and Bastian's behavior, the officer searched the vehicle based on probable cause.  He located 20.9 grams of marijuana under the driver's side front seat and a large sum of currency in the center console of the vehicle.  The officer also located a large sum of currency wrapped in carbon paper and placed inside of a red school binder in the trunk.   He also located several plastic totes, a large cardboard tube for packaging and mailing, and drug ledgers.

14.   The marijuana located in the vehicle was packaged in plastic and not from an Oregon dispensary.  The total amount of currency located in the vehicle was $13,784.  The currency was seized and turned over to HSI.

15.   Bastian was cited for money laundering and import/export of marijuana.  On April 24, 2019, Bastian filed a claim for the currency with HSI.  On June 11, 2019, an Oregon state arrest warrant was issued for him for failure to appear on his state charges of Money Laundering.

**Declaration of Christopher Karabinas**                                      **Exhibit A  Page 4**

16.  Based on the above, and my training and investigative experience, I have probable cause to believe that the $13,784 in U.S. Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), as it constitutes or was derived from proceeds traceable to violations of 21 U.S.C. § 841(a)(1), or it constitutes moneys intended to be furnished by any person in exchange for a controlled substance in violation of 21 U.S.C. § 841, specifically marijuana, a schedule I controlled substance, or moneys used or intended to be used to facilitate any violation of 21 U.S.C. § 841(a)(1), specifically the manufacture and distribution of marijuana.

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed this 25th day of November 2019.

_s/Christopher Karabinas_
Christopher Karabinas
Special Agent
Homeland Security Investigations

🖉JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | $13,784.00 in United States currency, in rem |

| (b)   County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant  Jackson |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c)   Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Amy E. Potter - United States Attorney's Office 405 E. 8th Street, Suite 2400, Eugene OR 97401-2708 | |

## II.  BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☒ 1   U.S. Government        Plaintiff

☐ 3   Federal Question        (U.S. Government Not a Party)

☐ 2   U.S. Government        Defendant

☐ 4   Diversity        (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893  Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V.  ORIGIN   (Place an "X" in One Box Only)

☒ 1   Original Proceeding

☐ 2   Removed from State Court

☐ 3   Remanded from Appellate Court

☐ 4   Reinstated or Reopened

☐ 5   Transferred from another district (specify)

☐ 6   Multidistrict Litigation

☐ 7   Appeal to District Judge from Magistrate Judgment

| VI.  CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing  **(Do not cite jurisdictional statutes unless diversity)**: 21 U.S.C. . § 841(a)(1)/ 21 U.S.C. § 881(a)(6) |
|---|---|
| | Brief description of cause: forfeiture of property as proceeds and/or facilitation of drug trafficking |

| VII.  REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND:   ☐ Yes  ☒ No |
|---|---|---|---|

| VIII.  RELATED CASE(S) IF ANY | (See instructions): | JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 11/25/2019 | s/ Amy E. Potter |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____